IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00028-PAB-KLM

DARREN GIUFFRE, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

MARYS LAKE LODGE, LLC, a Colorado Limited Liability Company,

    Defendant.

**ORDER**

    This matter is before the Court on defendant's motion to consolidate [Docket No. 59] pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1. Defendant requests that the Court consolidate this case with *Darren Giuffre v. Rams Horn Development Company, LLC*, Civil Action No. 12-cv-00377-WJM. The motion was properly filed in this action since, pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. *See* D.C.COLO.LCivR 42.1.

    "If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions. . . ." Fed. R. Civ. P. 42(a)(2); *see* D.C.COLO.LCivR 42.1. The decision whether to consolidate is committed to the sound discretion of the district court. *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). Rule 42(a) affords courts with "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while

providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed.1995)).

This case and Case No. 12-cv-00377-WJM involve identical claims relying upon the same legal and factual basis in both cases. Plaintiff's filing of the second action appears to have been an attempt to name the correct defendant[1] after Magistrate Judge Kristen Mix denied plaintiff's motion in this case to add Rams Horn as a defendant. *See* Docket No. 47. Plaintiff does not oppose consolidating the two cases. *See* Docket No. 61 at 2. In light of these facts, and having considered both judicial economy and fairness to the parties, *see Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982), the Court finds that consolidation is warranted. Therefore, it is

**ORDERED** that defendant's motion to consolidate [Docket No. 59] is GRANTED. Civil Action No. 12-cv-00377-WJM shall be consolidated with this action. The captions of all future filings shall reflect the same.

DATED February 21, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] In his response to defendant's motion to consolidate, plaintiff also presents arguments in support of his motion to amend his complaint and substitute the proper defendant [Docket No. 60]. The Court will address that motion separately once it is fully briefed.