IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00028-PAB-KLM
        (*consolidated with Civil Action No. 12-cv-00377-PAB*)

DARREN GIUFFRE, on behalf of himself and all similarly situated persons,

        Plaintiff,

v.

MARYS LAKE LODGE, LLC, a Colorado Limited Liability Company, and
RAMS HORN DEVELOPMENT COMPANY, LLC, doing business as Marys Lake Lodge,
a Colorado Limited Liability Company,

        Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on Plaintiff's **Motion for Leave to Amend Pleadings**

**and Substitute Proper Party Defendant** [Docket No. 60; Filed February 13, 2012] (the

"Motion").  Defendant Marys Lake Lodge, LLC ("MLL") filed a Response in opposition to the

Motion on February 24, 2012 [Docket No. 65], and Plaintiff filed a Reply on March 1, 2012

[Docket No. 66].  The Motion is fully briefed and ripe for resolution.

        Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C, the Motion has

been referred to this Court for a recommendation regarding disposition.[1]  The Court has

reviewed the pleadings, the entire consolidated case file, and the applicable law, and is

---

[1] A magistrate judge may issue orders on nondispositive motions only.  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988).  Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (unpublished decision) (collecting cases).  When an order denying a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation.

sufficiently advised in the premises.   For the reasons set forth below, the Court **RECOMMENDS** that the Motion be **DENIED.**

Defendant MLL removed this action (Civil Action No. 11-cv-00028-PAB-KLM, the "Lead Case") from Larimer County District Court on January 5, 2011.   *See Notice of Removal* [#1].   Defendant MLL filed an Answer [#11] to the Complaint [#2] on January 21, 2011.   The Court entered a Scheduling Order [#24] on May 18, 2011.   At that time, the Deadline for Joinder of Parties and Amendment of Pleadings was set as June 27, 2011, and the Discovery Deadline was set as November 23, 2011.   *See Scheduling Order* [#24] at 7.

On November 9, 2011, Defendant MLL filed a "months-late" Corporate Disclosure Statement [#40].   *See Motion* [#60] at 2.   The filing revealed that "Defendant Marys Lake Lodge LLC, a Colorado Limited Liability Company, is wholly owned by Ram's Horn Development Company, LLC ("Ram's Horn"), which is also a Colorado Limited Liability Company."   *See Corporate Disclosure Statement* [#40] at 1.   That same day, Defendant MLL's attorney sought and was granted permission to withdraw as counsel of record, leaving Defendant MLL without representation.   *See Minute Order* [#44] at 1.   The Court *sua sponte* extended the Discovery Deadline from November 23, 2011 to February 10, 2012 to provide Defendant MLL with time to obtain new counsel and the parties with additional time to complete discovery.   *See id.* at 2.

On December 9, 2011, Plaintiff filed a Motion for Leave to Join Additional Defendants [#45] based on the Corporate Disclosure Statement [#40].   In the motion, Plaintiff sought to join Defendant Ram's Horn and its owner as additional parties.   *See Motion for Leave* [#45].   On December 20, 2011, the Court denied Plaintiff's motion for

2

failure to "provide factual allegations in support of his argument to join additional defendants," for failure to "provide an Amended Complaint for the Court's review," and for failure to provide good cause pursuant to Fed. R. Civ. P. 16(b)(4) since the deadline for joinder of parties and amendment of pleadings had passed.  *See Minute Order* [#47]. Plaintiff asserts that "[r]ather than immediately revising the Motion as discussed in the Court's order, and re-filing, Plaintiff elected to wait until Marys Lake retained new counsel to see if the issue could be resolved without the Court's intervention."  *See Motion* [#60] at 2.

On January 13, 2012, Attorney Theodore Wells Rosen ("Rosen") entered his appearance on behalf of Defendant MLL.  *See Notice* [#49].  Plaintiff asserts that "[s]hortly thereafter, Plaintiff requested clarification from new counsel as to the relationship between Ram's Horn and Marys Lake with the goal of determining whether Ram's Horn also should be joined as a Defendant in this lawsuit.  Marys Lake refused to discuss the issue on grounds it was 'irrelevant.'"  *See Motion* [#60] at 2.  On February 7, 2012, Defendant MLL produced its initial disclosure documents pursuant to Fed. R. Civ. P. 26(a)(1), which "consisted entirely of payroll records for Plaintiff" and "indicate[d] that Ram's Horn actually was Plaintiff's employer and, therefore, the proper Defendant in this lawsuit."  *Id.* at 2-3.

On February 2, 2012, Plaintiff filed a lawsuit against Defendant Ram's Horn in Larimer County District Court, which Defendant Ram's Horn[2] removed to this Court on February 13, 2012 (Civil Action No. 12-cv-00377-PAB, the "Member Case").  *See 12-cv-00377-PAB, Notice of Removal* [#1].  On February 21, 2012, the District Judge ordered the

_____

[2]  Defendant Ram's Horn is also represented by Attorney Rosen.

Member Case to be consolidated with the Lead Case.  *See Order* [#62].  The District Judge

observed:

> This case and Case No. 12-cv-00377-WJM involve identical claims relying upon the same legal and factual basis in both cases.  Plaintiff's filing of the second action appears to have been an attempt to name the correct defendant[ ] after Magistrate Judge Kristen Mix denied plaintiff's motion in this case to add Rams Horn as a defendant.  *See* Docket No. 47.  Plaintiff does not oppose consolidating the two cases.

*Id.* at 2.

The same day that Defendant Ram's Horn removed the Member Case from state

court, Plaintiff filed this Motion [#60] seeking to amend his Complaint [#2].  In the Motion,

Plaintiff seeks to substitute Defendant Ram's Horn as the proper Defendant in the Lead

Case.  *See Motion* [#60] at 3.  In its Response, Defendant MLL opposes the substitution

on three grounds: (1) futility; (2) prejudice to Defendant; and (3) failure to cure past

deficiencies.  *See Response* [#65] at 3-8.  As part of its argument, Defendant MLL asserts

that it is an indispensable party and cannot be substituted.  *See id.* at 4-5.  In his Reply,

Plaintiff concedes that Defendant MLL should remain a party to this consolidated action.

*See Reply* [#66] at 2.  Thus, Plaintiff asserts that amending his Complaint in the Lead Case

would only reflect: 1)  the fact that MLL and Ram's Horn are both Defendants in this

consolidated action,[3] and 2) the allegation that Defendant Ram's Horn was Plaintiff's

employer.  *See id.*; *see also 1:12-cv-00377-PAB, Class Action Complaint* [#3] at 1, 13

(alleging that Defendant Ram's Horn, doing business as Marys Lake Lodge, LLC, employed

Plaintiff and others).

---

[3]  The District Judge has already ordered that the "captions of all future filings shall reflect" the consolidation of Civil Action No. 11-cv-00028-PAB-KLM with Civil Action No. 12-00377-WJM. *Order* [#62] at 2.

As a preliminary matter, the pleading amendment deadline expired on June 27, 2011. *See Scheduling Order* [#24] at 7. The present Motion was filed on February 13, 2012 and, therefore, is untimely. Accordingly, Plaintiff must provide good cause for his failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4). If good cause is shown, the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

It is the Court's practice, and indeed the practice of other judges in this District, to resolve untimely motions to amend first by considering the Rule 16(b)(4) good cause standard as a threshold issue. *See, e.g.*, *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL 1464588 (Apr. 18, 2011) (unpublished decisions) ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decisions) (reviewing untimely motion to amend only as to good cause standard pursuant to Rule 16(b)(4)). Simply, if good cause is not shown, the Court is not required to consider

whether Rule 15(a) excuses that failure. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'").

Here, Plaintiff is not seeking to add any new defendants, claims, or allegations that do not already exist in one of the Complaints in either the Lead Case [#2] or the Member Case [#3].  In addition, the circumstances of these two cases are not so complex that allowing amendment would provide necessary or useful clarity.  Further, denying amendment would not prevent any current or proposed claim against any defendant from moving forward in this consolidated action.  "An amended complaint is not necessary to 'substantively consolidate' . . . two cases." *Rajala v. Gardner*, Nos. 09-2482-EFM, 11-2524-EFM, 08-20957, 2011 WL 6180691, at *3 (D. Kan. Dec. 13, 2011).  The consolidation of two cases, without more, is not "good cause" for the Court to grant an untimely motion to amend.[4]  *See id.*  Thus, Plaintiff has not met the threshold requirement for untimely amendment by demonstrating that there is good cause—or indeed any cause—to amend.  Plaintiff may fully pursue his claims against both Defendants in this consolidated action.  To the extend that he wishes to voluntarily dismiss any claims against any party, he may file a motion pursuant to Fed. R. Civ. P. 41(a)(2).

Accordingly, the Court **RECOMMENDS** that the Motion be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written

---

[4]  Although Plaintiff has conceded that Defendant MLL may remain in this consolidated action, the Court notes that "[a]n amended complaint is also not required for the dismissal of defendants—the appropriate procedure is simply to move for dismissal of the defendants" pursuant to Fed. R. Civ. P. 41. *Rajala*, 2011 WL 6180691, at *3.

objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985), and also waives appellate review of both factual and legal questions, *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  March 7, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge