IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00028-PAB-KLM

DARREN GIUFFRE, on behalf of himself and all similarly situated persons,

Plaintiff,

v.

MARYS LAKE LODGE, LLC, a Colorado Limited Liability Company,

Defendant,

RAMS HORN DEVELOPMENT COMPANY, LLC, doing business as Marys Lake Lodge, a Colorado Limited Liability Company,

Consol Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Marys Lake Lodge, LLC's Motion to Stay All Proceedings Pending the Resolution of its Motion for Summary Judgment** [Docket No. 73; Filed March 9, 2012] ("Motion to Stay") and **Plaintiff's Renewed Motion for Approval of *Hoffman-La Roche* Notice** [Docket No. 74; Filed March 9, 2012].

As a preliminary matter, the Court addresses Plaintiff's tendered "First Amended Class Action Complaint Against Defendant Ram's Horn Development Company, LLC" [Docket No. 98; Filed April 17, 2012] (the "Tendered First Amended Class Action Complaint"). The caption of the Tendered First Amended Class Action Complaint includes both Defendants, Marys Lake Lodge and Ram's Horn Development Company, LLC ("Ram's Horn"). *Id.* at 1. However, the title of the document identifies only Ram's Horn, and the

1

introductory paragraph to the document states that the pleading is filed against Ram's Horn. *Id.* Further, the request for relief seeks judgment only against Ram's Horn. *Id.* at 10. It is thus unclear as to whether Plaintiff seeks leave to file an amended pleading that is operative as to both named defendants in this consolidated action, or whether Plaintiff intends to drop Defendant Marys Lake Lodge as a defendant (which, as previously explained to Plaintiff, may be effected by Fed. R. Civ. P. 41, as opposed to Rule 15(a)). Therefore, the Tendered First Amended Class Action Complaint is **REJECTED**.

Regarding the Motion to Stay, both Plaintiff and Defendant Marys Lake Lodge agree that discovery in this matter is closed, thus the requested stay is a stay of proceedings, with the exception of the adjudication of Marys Lake Lodge's pending Motion for Summary Judgment [#64]. This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of *proceedings* in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006). However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of *discovery* "for good cause, to protect a party from undue burden or expense," especially when dispositive motions are pending. *Id.* In either event, it is well-settled that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue. *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)).

Here, the Court declines to enter a stay of all proceedings. A stay of discovery would be meaningless because discovery is closed. However, the Court finds utility in

vacating the Final Pretrial Conference set for June 20, 2012, and denying without prejudice Plaintiff's pending Renewed Motion for Approval of *Hoffman-La Roche* Notice, as further explained below.  Entry of a Final Pretrial Order, in light of Defendant Marys Lake Lodge's outstanding Motion for Summary Judgment as well as the Motion to Dismiss filed by the recently-consolidated Defendant Ram's Horn, would not serve the interests of judicial efficiency and economy.  Thus, **the Final Pretrial Conference set for June 20, 2012, is vacated**, and will be reset at a later date if necessary, after resolution of the pending dispositive motions.

Regarding Plaintiff's Renewed Motion for Approval of *Hoffman-La Roche* Notice, the Court finds that the District Judge's reasoning for denying Plaintiff's first motion seeking the same relief remains applicable to the renewed motion.  *See Ord.*, [#63].  Plaintiff asks permission to issue a *Hoffman-La Roche* Notice, which is the first step in a two-step process by which the Court determines whether plaintiffs in a collective action brought pursuant to the Fair Labor Standards Act ("FLSA") are similarly situated for purposes of the governing statute, 29 U.S.C. § 216(b).  *See Boldozier v. Amer. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005).  In the order denying Plaintiff's first motion, the District Judge denied the motion without prejudice "to refiling upon resolution of the issue regarding the identification of the proper defendant in this matter."  [#63] at 1.

The identification of the proper defendant in this matter appears no closer to resolution at present.  The convoluted history of this matter, which the Court will not repeat here, *see* [#69] at 2-4, has not yet resulted in the identification of the proper defendant.  Both Marys Lake Lodge and Ram's Horn are identified as named defendants in the current

operative pleadings; however, Plaintiff requested substitution of Ram's Horn for Marys Lake Lodge in a pending motion filed February 13, 2012 [#60], which this Court recommended be denied [#69]. Ram's Horn was then added to this action as a consolidated defendant, and it responded to Plaintiff's Complaint with the presently pending Motion to Dismiss challenging its inclusion in this lawsuit on the basis that it was not Plaintiff's employer at the time relevant to the allegations [#97].[1] Plaintiff then filed the Tendered First Amended Class Action Complaint, which as described above, lacks clarity as to whether Plaintiff is dropping Marys Lake Lodge as a named defendant. Until the question of the properly identified defendant is resolved, there is no point in allowing Plaintiff to issue a *Hoffman-La Roche* Notice, as the potential addition of putative class members in the absence of a clearly identified defendant would serve only to muddy the already murky waters of this case.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#73] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is denied to the extent that the Court declines to enter a stay of proceedings. The Motion is granted as follows:

IT IS FURTHER **ORDERED** that the Final Pretrial Conference set for June 20, 2012, is **VACATED**, and will be reset, if necessary, after resolution of the pending dispositive motions, or after Court-approved filing of an amended complaint, in the Court's discretion.

IT IS FURTHER **ORDERED** that Plaintiff's Renewed Motion for Approval of Hoffman-La Roche Notice [#74] is **DENIED WITHOUT PREJUDICE** pending identification

---

[1] The Complaint naming Ram's Horn as a defendant is located at Docket No. 3 in Consolidated Case No. 12-cv-00377-PAB.

of the proper defendant in this lawsuit.

IT IS FURTHER **ORDERED** that Plaintiff's tendered First Amended Class Action Complaint [#98] is **REJECTED** for lack of clarity as to the named Defendants. Again, the Court reminds Plaintiff that entry of an amended complaint is not required for the dismissal of a defendant. The appropriate procedure is simply to move for dismissal of the defendant pursuant to Fed. R. Civ. P. 41. *See Rec.,* [#69] at 6 n.4 (citation omitted).

Dated:  April 19, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

5