IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00028-PAB-KLM

DARREN GIUFFRE, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

MARYS LAKE LODGE, LLC, a Colorado Limited Liability Company,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Reconsideration of April 19, 2012 Order [Docket #100]** [Docket No. 101; Filed April 19, 2012] (the "Motion"). Plaintiff asks the Court to:

> 1) allow the parties to continue briefing the Motion for Notice against consolidated Defendants Mary's Lake Lodge, LLC and Ram's Horn Development Company, LLC; and 2) accept the Amended Complaint against Ram's Horn Development Company, LLC in Case No. 12-cv-00377.[1]

[#101] at 3.

As a preliminary matter, the Motion does not comply with D.C.COLO.LCivR 7.1A., which alone is a basis for denial.  However, in the interests of judicial efficiency, the Court addresses the Motion as follows.

The District Judge granted Defendant Marys Lake Lodge's Motion to Consolidate on February 21, 2012, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1 [#62].

---

[1] The Court has designated the "Amended Complaint" referred to by Plaintiff, which is located at Docket No. 98, as the Tendered First Amended Class Action Complaint.

1

The District Judge determined that "[t]his case and Case No. 12-cv-00377-WJM involve identical claims relying upon the same legal and factual basis in both cases," thus the cases warranted consolidation. *Id.* at 2. Case No. 12-cv-00377-WJM was thus consolidated with this action.

>Consolidation of cases occurs in three different contexts:
>
>(1) When all except one of several actions are stayed until one is tried, in which case the judgment in the one trial is conclusive as to the others. This is not actually a consolidation but sometimes is referred to as such.
>
>(2) When several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered. An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been set out originally as separate counts in one complaint.
>
>(3) When several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another.

9A Wright, Miller, Kane & Marcus, Fed. Prac. & Proc. Civ. § 2382 (3d ed. 2012). In the Tenth Circuit, whether lawsuits have been consolidated in the sense that they are merged, or whether they retain separate identities, requires case-by-case evaluation. *United States v. Tippett*, 975 F.2d 713, 718 (10th Cir. 1992) ("The circuit opinions requiring inquiry on a case-specific basis to determine the effect of consolidation are correct, we believe.").[2]

---

[2] The *Tippett* Court acknowledged the Supreme Court's statement in *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933), that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." 975 F.2d at 716. However, the *Tippett* Court emphasized that *Johnson* "antedates the federal rules of civil and appellate procedure," and circuit courts have treated the issue differently, with some circuits adhering to the bright-line rule stated in *Johnson*, and some circuits "identify[ing] retention of separate case status or merger of identities on a case-by-case basis." *Id.* at 717 (citations omitted). The Tenth Circuit prefers "inquiry on a case-specific basis." *Id.* at 718.

This matter fits in the above-described second context.  When Case No. 12-cv-00377-WJM (the "Second Case") was consolidated into this action on the basis of identical claims arising from the same factual and legal circumstances, the Second Case lost its separate identity, and the two matters merged into one single action, in which a single judgment may be ultimately be rendered.  Thus, although two separate operative pleadings presently govern this action, the filing of the Tendered First Amended Class Action Complaint [#98] as to only one of the named Defendants after the consolidation of the two cases is improper.

Plaintiff's submission of the Tendered First Amended Class Action Complaint at issue is distinguishable from Plaintiff's previous attempt to file an amended complaint [#60]. Plaintiff's first attempt, which remains pending, was an effort to "combin[e] the two consolidated pleadings, which are virtually identical, into a single operative complaint." *See Reply*, [#66] at 2 n.1; *see also Rec.*, [#69] at 6.  This Court recommended denial of this request because Plaintiff failed to identify any legitimate basis for amendment.  [#69] at 6. Now, the Tendered First Amended Class Action Complaint does more than simply merge the two operative pleadings into one; it presumably seeks to modify Plaintiff's allegations against Ram's Horn to overcome the issues raised in Ram's Horn's pending Motion to Dismiss [#97].

For these reasons, the Court correctly rejected the Tendered First Amended Class Action Complaint and denied without prejudice Plaintiff's Renewed Motion for Approval of *Hoffman-La Roche* Notice.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Reconsideration [#101] is **DENIED**.

However, in the interests of justice and in consideration of the mid-litigation consolidation, the Court will permit Plaintiff the opportunity to file an amended pleading once as a matter of course, against both named Defendants. Pursuant to Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course . . . . [I]f the pleading is one to which a responsive pleading is required, [amendment is due] 21 days after service of a responsive pleading or . . . after service of a motion under Rule 12(b)." Here, Defendant Ram's Horn filed a motion pursuant to Rule 12(b) in response to Plaintiff's Complaint (filed against only Ram's Horn in the Second Case prior to consolidation with this action). Pursuant to Fed. R. Civ. P. 15(a)(1)(A), Plaintiff timely submitted the Tendered First Amended Class Action Complaint (albeit improperly) against only Ram's Horn on April 17, 2012 [#98]. In the Motion for Reconsideration, Plaintiff clarifies that he indeed desires to name both Marys Lake Lodge and Ram's Horn as Defendants in this action. [#101] at 2. Accordingly,

IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Civ. P. 42(a)(3) ("the court may . . . issue any other orders to avoid unnecessary cost or delay"), Plaintiff may file an amended complaint once as a matter of course against both Defendants pursuant to Fed. R. Civ. P. 15(a)(1)(B) on or before **May 4, 2012**.

Dated: April 23, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge