IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00028-PAB-KLM

DARREN GIUFFRE, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

MARYS LAKE LODGE, LLC, a Colorado Limited Liability Company,

    Defendant, and

RAMS HORN DEVELOPMENT COMPANY, LLC, doing business as Marys Lake Lodge, a Colorado Limited Liability Company,

    Consol Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion for Reconsideration of the Court's April 23, 2012 Order [Doc. No. 103]** [Docket No. 110; Filed April 27, 2012] (the "Motion"). Defendants ask the Court to reconsider its Order issued April 23, 2012 [#103], reject the First Amended Class Action Complaint [#104], and permit Plaintiff to amend his allegations against only Defendant Ram's Horn.

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice."

*Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*

Defendants' primary objection to the Court's April 23, 2012 Order is that Defendant Marys Lake Lodge will suffer prejudice if Plaintiff is allowed to amend his allegations as to Marys Lake Lodge at this stage of the proceeding.  The Court rejects this argument.  As explained in the April 23, 2012 Order, the District Judge granted Defendant Marys Lake Lodge's Motion to Consolidate on February 21, 2012, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1 [#62].  The District Judge determined that "[t]his case and Case No. 12-cv-00377-WJM involve identical claims relying upon the same legal and factual basis in both cases," thus the cases warranted consolidation.  *Id.* at 2.  Accordingly, Defendant Ram's Horn was added to this action as a consolidated defendant.

Pursuant to the Tenth Circuit's instruction regarding the effect of consolidation, this Court determined that here, the consolidation on the basis of identical claims arising from the same factual and legal circumstances resulted in the merger of the two separate matters into one action. [#103] at 3.  Thus, accepting an amended complaint as to only one of the named defendants would be improper.  The Court, in its discretion and in the interest of judicial efficiency, gave Plaintiff permission to file an amended complaint as to both named Defendants, in the interests of justice and in consideration of the mid-litigation consolidation.  The Court has not misapprehended the facts, the law, or the parties' positions in making this determination; therefore, reconsideration is unwarranted.[1]

---

[1] In the Motion, Defendant Marys Lake Lodge indicates its belief that it is precluded from moving to dismiss the First Amended Class Action Complaint; however, after Plaintiff lodged the

Accordingly,

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

    IT IS FURTHER **ORDERED** that, pursuant to Fed. R. Civ. P. 15(a)(3), Defendants shall answer or otherwise respond to Plaintiff's First Amended Class Action Complaint [#104] on or before **May 10, 2012**.

    Dated: April 30, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

First Amended Class Action Complaint, the Court issued a Minute Order instructing the parties to file a joint status report on or before April 30, 2012, indicating what case management scheduling, if any, is requested [#106]. The Court will thereafter consider setting new case management deadlines in this matter, including a deadline for the filing of dispositive motions. In any event, Defendants must answer or otherwise respond to the First Amended Class Action Complaint on or before the date indicated above.