IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00028-PAB-KLM

DARREN GIUFFRE, on behalf of himself and all similarly situated persons,

    Plaintiff,

v.

MARYS LAKE LODGE, LLC, a Colorado Limited Liability Company,

    Defendant, and

RAMS HORN DEVELOPMENT COMPANY, LLC, doing business as Marys Lake Lodge, a Colorado Limited Liability Company,

    Consol Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion to Enforce Attorney's Lien** [Docket No. 119; Filed May 10, 2012] (the "Motion"), filed by Interested Party Nina H. Kazazian of Kazazian & Associates LLC ("Kazazian").  Attorney Kazazian is former counsel to Defendant Marys Lake Lodge, LLC ("MLL"). *See Minute Order* [#44] (granting Attorney Kazazian's motion to withdraw as counsel).  On May 1, 2012, Attorney Kazazian filed a Notice of Lien [#116] seeking attorney's fees and expenses in the amount of $8,953.38 pursuant to a fee agreement between Attorney Kazazian and Defendant MLL.[1]  *See Fee Agreement* [#116-1].  Attorney Kazazian seeks an order determining the amount of the lien

---

[1] Attorney Kazazian states that, as of the date of the Motion, the amount owing is $9,830.88.  *See Motion* [#119] at 3.

1

and providing for enforcement of the lien. *See Motion* [#119] at 1.

In the Response, Defendant MLL asserts that the fees requested by Attorney Kazazian are unreasonable. [#124] at 2. However, it expresses its willingness to participate in the dispute resolution process as outlined in the fee agreement between Attorney Kazazian and Defendant MLL. *Id.* The relevant part of that agreement, which was drafted by Attorney Kazazian, states: "If you dispute the fees or costs that we have charged you under this Agreement, and we cannot amicably resolve that dispute, you agree to cooperate in order to have the dispute decided by the Denver Bar Association Legal Fee Arbitration Committee" (the "Bar Committee"). *Fee Agreement* [#124-1] at 3.

In the Reply, Attorney Kazazian asserts that Defendant MLL did not raise any dispute regarding fees and costs at any time prior to the filing of its Response on May 17, 2012. *Reply* [#128] at 1. Attorney Kazazian insists, without citation to any law, that this means any dispute over the amount owed has been waived. *Id.* at 2. Further, Attorney Kazazian asserts, with no supporting detail to allow the Court to assess her claim, that she presently has a conflict of interest with several members of the Bar Committee, and so this method of alternative dispute resolution is unavailable. *Id.*

"An attorney's lien attaches only 'to the extent of the attorneys' reasonable fees remaining due and unpaid.'" *Davis v. Kutak Rock, LLP*, No. 09-cv-02768-REB-MJW, 2012 WL 975836, at *3 (D. Colo. Mar. 22, 2012) (quoting *Gold v. Duncan Ostrander & Dingess, P.C.*, 143 P.3d 1193 (Colo. App. 2006)). The briefs provided by the parties demonstrate that there is a dispute over the amount of attorney's fees owed by Defendant MLL and that the parties have failed to follow the terms of the fee agreement as drafted by Attorney

Kazazian and signed by both parties.[2]  *See* [#124-1] at 4.  "[W]here the court is merely enforcing a contractual provision authorizing attorneys' fees, the fees are routinely awarded and the contract is enforced according to its terms."  *United States ex rel. C.J.C., Inc. v. Western States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987).  Attorney Kazazian fails to demonstrate that there is no dispute over the amount she seeks, as Defendant MLL explicitly states that it "does not believe that the fees that the Law Firm says has been incurred on its behalf for this litigation are reasonable."  *Response* [#124] at 2.  Attorney Kazazian further fails to demonstrate that the terms of the fee agreement have been met, i.e., that the parties attempted to resolve the dispute via the Bar Committee.  Defendant MLL affirmatively states that it is willing to cooperate in that fee dispute resolution process as provided in the fee agreement.  *See Response* [#124] at 2.  Under these circumstances, it is inappropriate for the Court to enter an order enforcing Attorney Kazazian's lien at this time.  *See W. States Mech. Contractors, Inc.*, 834 F.2d at 1548 (stating, in connection with an attorney's fee agreement, that "the court's responsibility is to enforce that bargain").  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#119] is **DENIED WITHOUT PREJUDICE**.

Dated: July 16, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] The parties are not disputing that the fee agreement is binding.  *See Motion* [#119] at 3; *Response* [#124] at 1-2.  There is no provision in the fee agreement providing for "waiver" of a fee dispute if not raised within a certain time frame.  *See Reply* [#128] at 2; *Fee Agreement* [#124-1].