IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00028-PAB-KLM

DARREN GIUFFRE, on behalf of himself and all similarly situated persons,

　　Plaintiff,

v.

MARYS LAKE LODGE, LLC, a Colorado Limited Liability Company,

　　Defendant, and

RAMS HORN DEVELOPMENT COMPANY, LLC, doing business as Marys Lake Lodge, a Colorado Limited Liability Company,

　　Consol Defendant.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Renewed Motion for Approval of *Hoffman-LaRoche* Notice** [Docket No. 105; Filed April 23, 2012] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C.Colo.LCivR 72.1C.3., the Motion has been referred to this Court for recommendation [#107].[1] On May 14, 2012, Defendants filed a Response [#122], and on May 18, 2012, Plaintiff filed a Reply [#125].

In the Motion, Plaintiff seeks permission to issue a *Hoffman-LaRoche* Notice, which is the first step in a two-step process by which the Court determines whether plaintiffs in

---

[1] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). For the purposes of resolving the present Motion, the Court assumes that the issue is dispositive and requires a recommendation. *See, e.g., White v. Rakhra Mushroom Farm Corp.*, No. CV 08-198-SU, 2009 WL 971857 (D. Or. 2009) (issuing a recommendation to deny a motion for approval of *Hoffman-LaRoche* notice).

a collective action brought pursuant to the Fair Labor Standards Act ("FLSA") are similarly situated for purposes of the governing statute, 29 U.S.C. § 216(b). *See Boldozier v. Amer. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005). Plaintiff seeks conditional certification of a "FLSA collective action on behalf of all current and former employees of either of the Defendants who worked at Marys Lake Lodge and whose hourly wage was reduced by some percentage of the applicable tip credit at any time from November 12, 2007 to present." *Motion* [#105] at 9.

On September 28, 2012, the District Judge issued an Order [#144] on Defendant Marys Lake Lodge's Motion for Summary Judgment [#64]. The District Judge granted the motion, finding that Defendant Marys Lake Lodge was entitled to summary judgment on Plaintiff's claims relating to the tip sharing requirement and notice of the tip credit. *See Order* [#144] at 11. The District Judge stated that he would address in due course Defendant Marys Lake Lodge's later-filed motion to dismiss Plaintiff's failure-to-pay-overtime FLSA claim and breach of contract claim, the only claims remaining in this lawsuit. *See Order* [#144] at 11.

Plaintiff's present Motion seeks a FLSA class action certification only on the basis of the tip sharing requirements, not on the basis of Plaintiff's FLSA overtime claim. Thus, because the District Judge has dismissed Plaintiff's FLSA claims in connection with tip sharing requirements and notice of the tip credit, the Court finds that the present Motion is moot. Accordingly,

IT IS HEREBY **RECOMMENDED** that Plaintiff's Motion [#105] be **DENIED as moot**.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen

(14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P.  72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 1, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge