IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00028-PAB-KLM
　　　(*consolidated with Civil Action No. 12-cv-00377-PAB*)

DARREN GIUFFRE, on behalf of himself and all similarly situated persons,

　　　Plaintiff,

v.

MARYS LAKE LODGE, LLC, a Colorado Limited Liability Company, and
RAMS HORN DEVELOPMENT COMPANY, LLC, doing business as
Marys Lake Lodge, a Colorado Limited Liability Company,

　　　Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion to Dismiss Plaintiff's First Amended

Class Action Complaint Pursuant to F.R.C.P. 12(b)(6) and 12(b)(1) [Docket No. 121]

filed by defendants Marys Lake Lodge, LLC ("MLL") and Ram's Horn Development

Company, LLC ("Ram's Horn").

## I.  BACKGROUND

Plaintiff Darren Giuffre was employed as a server in a restaurant operated by

defendants in Estes Park, Colorado from August 18, 2008 to October 8, 2008 and from

May 22, 2009 to February 14, 2010.  Docket No. 104 at 6, ¶ 19.  On November 12,

2010, plaintiff filed this action against defendant MLL in Larimer County District Court,

alleging unlawful tip sharing in violation of state and federal wage laws.  Docket No. 1 at

1.  On January 5, 2011, defendant MLL removed the case to this Court.  Docket No. 1.

On February 13, 2012, plaintiff moved [Docket No. 60] to amend his complaint to add

defendant Ram's Horn, which motion the Court granted [Docket No. 136].  On April 23, 2012, plaintiff filed his First Amended Complaint, adding claims for underpayment of overtime and breach of contract.  Docket No. 104 at 8-10.

On September 28, 2012, the Court granted [Docket No. 144] defendant MLL's motion for summary judgment on plaintiff's claims relating to tip-sharing requirements and notice of the tip credits, but held that plaintiff's claims for overtime and breach of contract survived.

## II.  STANDARD OF REVIEW

The Court's function on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim.  FED. R. CIV. P. 12(b)(6); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).  In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted).  At the same time, however, a court need not accept conclusory allegations.  *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  The "plausibility" standard requires that relief

must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

## III. DISCUSSION

Plaintiff alleges that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101, *et seq.*, by failing to pay him sufficient overtime. Docket No. 104 at 9-10. He also alleges that defendants' failure to pay overtime constituted a breach of contract. Docket No. 104 at 8-9.

### A. Fair Labor Standards Act

Under the FLSA, an employer may pay "tipped employees" less than the hourly minimum wage so long as two conditions are met. 29 U.S.C. § 203(m). The first condition is that the employees are "engaged in an occupation in which [they] customarily and regularly receive[] more than $30 a month in tips." 29 U.S.C. § 203(t). The second condition is that the employer inform tipped employees that their hourly rate is below minimum wage. 29 U.S.C. § 203(m); *see Koellhoffer v. Plotke-Giordani*,

858 F. Supp. 2d 1181, 1191 (D. Colo. 2012) ("To be eligible for the tip credit, the employer must first notify the employees of the requirements of the law regarding minimum wages and of the employer's intention to take the tip credit.").

The FLSA requires that employers pay one-and-a-half times the regular rate of pay for any hours in excess of forty that non-exempt employees work in a given week.[1] 29 U.S.C. § 207(a)(1).  "[A] tipped employee's regular rate of pay includes the amount of tip credit taken by employer per hour . . . . Any tips received by the employee in excess of the tip credit need not be included in the regular rate."  29 C.F.R. § 531.60. "The regular rate of pay at which the employee is employed may in no event be less than the statutory minimum."  29 C.F.R. § 778.107.

Plaintiff argues that defendants underpaid him by subtracting the tip credit from the minimum wage before calculating his overtime instead of using the full minimum wage as his regular rate of pay.  Docket No. 104 at 4, ¶ 15.

### 1.  *Statute of Limitations*

Defendants argue that plaintiff's claim is barred by the FLSA's two-year statute of limitations because he first alleged underpayment of overtime in his first amended complaint, which was filed on April 23, 2012, more than two years after he alleges that his employment with defendants terminated.  Docket No. 121 at 5-7; 29 U.S.C. § 255(a); Docket No. 104 at 6, ¶ 19 ("From . . . May 22, 2009 to February 14, 2010, Defendants were Plaintiff's 'employers'").  In response, plaintiff argues that his overtime

---

[1] Certain types of employees are exempt from the minimum wage and maximum hours provisions of the FLSA, including individuals employed in an executive, administrative, or professional capacity.  29 U.S.C. § 213(a).  The parties do not dispute that plaintiff was not exempt from overtime requirements.

claim relates back to his first complaint, which he filed on January 5, 2011.  Docket No. 127 at 9.

Under Federal Rule of Civil Procedure 15(c), amended pleadings relate back to the initial filing date so long as the added claims arise from the same transaction or occurrence originally at issue.  FLSA claims arise out of an employment relationship and thus all claims arising out of the same employment relationship, including employment discrimination claims, arise out of the same occurrence.  *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Standards*, 314 F.3d 501, 504 (10th Cir. 2002) ("all claims arising from the same employment relationship constitute the same transaction or series of transactions") (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)); *see also Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992).

As plaintiff's overtime claim arises out of the same employment relationship as his initial minimum wage claim, it relates back to the date he filed his first complaint. *See Wilkes*, 314 F.3d at 504.  Thus, plaintiff's claim for violation of the FLSA is not time-barred.

### 2.  Economic Loss Doctrine

Defendants contend that the economic loss doctrine bars plaintiff's FLSA claim. Docket No. 121 at 9-10; Docket No. 133 at 7-8.  The economic loss doctrine is a judicially-created rule under which "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law."  *Haynes Trane Serv. Agency, Inc. v. Am. Standard, Inc.*, 573 F.3d 947, 962 (10th Cir. 2009) (citing *Town of Alma v. AZCO*

*Constr., Inc.*, 10 P.3d 1256, 1259-62 (Colo. 2000)).  Defendants argue that the duty

plaintiff is seeking to enforce–compliance with the FLSA–was "memorialized by his

alleged employment contract and is thereby subsumed."  Docket No. 121 at 10.  They

then argue that plaintiff's FLSA claim lies in tort because plaintiff requests

"compensatory damages" and "seeks to recover 'more than the FLSA allows' on his

claim," including pre-judgment, post-judgment, and moratory interest.  Docket No. 133

at 7-8.  Thus, they argue, permitting plaintiff's FLSA claim to proceed would allow him to

recover tort damages for breach of a contractual duty.  Docket No. 133 at 7-8.  Plaintiff

counters that he is not seeking compensatory damages "beyond those authorized by

the FLSA."  Docket No. 127 at 11.

    Plaintiff requests that the Court award relief as follows:

> 1. Determining that the action is properly maintained as a class
> action, certifying Plaintiff as the class representative, and appointing
> Plaintiff's counsel as counsel for Class Members;
>
> 2. Ordering prompt notice of this litigation to all potential Class
> Members;
>
> 3. Awarding Plaintiff and Class Members their compensatory
> damages, attorneys' fees and litigation expenses as provided by law;
>
> 4. Awarding Plaintiff and Class Members their pre-judgment,
> post-judgment and moratory interest as provided by law; and
>
> 5. Awarding Plaintiff and Class Members liquidated damages as
> provided by law.

Docket No. 104 at 11, ¶¶ 1-5.  Under the FLSA, a plaintiff who prevails on a claim for

underpayment of wages may recover unpaid wages, "an additional equal amount as

liquidated damages," reasonable attorney's fees, and costs.  29 U.S.C. § 216(b).

Interest is available on an FLSA claim in federal court so long as no liquidated damages

are awarded, *Pabst v. Okla. Gas & Elec. Co.*, 228 F.3d 1128, 1136 (10th Cir. 2000);

*Doty v. Elias*, 733 F.2d 720, 726 (10th Cir. 1984); *Garcia v. Tyson Foods*, --- F. Supp.

2d ----, 2012 WL 3594212, at *19 (D. Kan. Aug. 21, 2012), and therefore plaintiff's

request for interest does not push his claim beyond the bounds of the statute.  In

addition, although plaintiff uses the term "compensatory damages" in his complaint, he

explicitly disclaims that he is seeking damages in excess of what the FLSA allows.[2]

Docket No. 127 at 11.  Plaintiff's complaint confirms this disclaimer as he sets forth no

facts that would support an award compensating him for personal injuries or losses,

apart from the underpayment of wages.  *See generally* Docket No. 104.  Moreover,

plaintiff's requests for compensatory damages, attorney's fees, interest, and liquidated

damages are qualified by the phrase "as provided by law," further supporting the

conclusion that plaintiff is seeking only relief provided for in the statute.  Docket No. 104

at 11, ¶ 3.

        In sum, the wording of plaintiff's request for relief does not transform his FLSA

claim into a tort claim subject to the economic loss doctrine and defendants' motion to

dismiss on this basis will be denied.

_____

        [2] It appears that courts use the phrase "compensatory damages" in the context
of FLSA claims to refer to unpaid wages and not to the types of compensatory
damages traditionally available in tort.  *See, e.g.*, *Mumby v. Pure Energy Servs. (USA),
Inc.*, 636 F.3d 1266, 1272 (10th Cir. 2011) ("Generally, an employer in violation of the
FLSA is liable for both compensatory damages as well as 'an additional equal amount
as liquidated damages,' essentially doubling the plaintiffs' damage award.  29 U.S.C.
§ 216(b).").  Accordingly, plaintiff's use of the term "compensatory damages" does not
automatically transform his statutory claim into a tort claim.

### B.  State Law Claims

#### 1.  Breach of Contract

Defendants seek to dismiss plaintiff's breach of contract claim against Ram's

Horn on the grounds that it is barred by the statute of limitations.  Docket No. 121 at 12-

13.  Plaintiff argues that his "'at will' employment relationship with Defendants gave rise

to a unilateral contract" under which defendants agreed to abide by applicable wage

laws and thus that defendants' failure to pay overtime constituted a breach of contract.

Docket No. 127 at 4.  He further asserts that the statute of limitations on his claim is six

years because he is seeking to recover a liquidated debt.  Docket No. 127 at 6-7.

Defendants argue that the alleged debt is not liquidated because the parties did not

have a written agreement.  Docket No. 133 at 4-5.  Thus, they argue that plaintiff's

contract claim is time-barred with respect to defendant Ram's Horn because the alleged

breach would have occurred in August 2008, more than three years before plaintiff

moved to amend his complaint to include Ram's Horn on February 13, 2012.  Docket

No. 133 at 4-5, 8-9.

Under Colorado law, a claim for breach of contract must be brought within three

years after the cause of action accrues.  Colo. Rev. Stat. § 13-80-101(1)(a).  A contract

claim accrues "on the date the breach is discovered or should have been discovered by

the exercise of reasonable diligence."  Colo. Rev. Stat. § 13-80-108(6).  The limitations

period on a claim to recover a liquidated debt or "an unliquidated determinable amount

of money" is six years.  Colo. Rev. Stat. § 13-80-103.5(1)(a).

In *Portercare Adventist Health System v. Lego*, the Colorado Supreme Court

held that a "liquidated debt" is one that "may be ascertained either by reference to the agreement, or by simple computation using extrinsic evidence if necessary." 286 P.3d 525, 528 (Colo. 2012) (citing *Rotenberg v. Richards*, 899 P.2d 365, 367 (Colo. App. 1995) ("if the amount of a claim is readily calculable or ascertainable, a debtor's dispute of or defenses against such claim, or any setoff or counterclaim interposed to such claim, does not affect the character and classification of that claim as being liquidated")).

In *Farley v. Family Dollar Stores, Inc.*, 12-cv-00325-RBJ-MJW, 2013 WL 500446, at *7-8 (D. Colo. Feb. 11, 2013), another court in this district held that an alleged debt for unpaid overtime pursuant to an implied unilateral contract was not liquidated because the parties disputed the proper way of calculating any overtime that might be due. Defendants cited Department of Labor regulations under which an employer and employee may agree that work will be compensated at a fixed weekly rate, regardless of the number of hours worked. 29 C.F.R. § 778.114(a). Such an arrangement is permissible so long as the salary compensates the employee at no less than minimum wage "for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay." *Id.*; *see also Clements v. Serco, Inc.*, 530 F.3d 1224, 1230-31 (10th Cir. 2008) (finding that parties had a clear mutual understanding that employees would be paid a weekly salary and thus upholding an award of overtime based on half-time method of computation). Defendants argued that, because there was no agreement regarding the method by which any overtime owed should be calculated, the alleged debt was not liquidated.

9

*Farley*, 2013 WL 500446, at *8.

Unlike in *Farley*, defendants here do not argue that the parties had agreed to a flat weekly salary as opposed to an hourly wage, nor do they otherwise dispute that, if overtime wages are owed, they must be calculated according to the wage-and-a-half method. *See generally*, Docket Nos. 121, 133. This case is akin to *Portercare* insofar as the alleged debt may be calculated "by simple computation using extrinsic evidence." 286 P.3d at 528. Even if plaintiff's contract claim accrued "upon receiving his first paycheck on or around August 18, 2008," Docket No. 121 at 12-13, the statute of limitations for this claim will not run until August 18, 2014.

Accordingly, plaintiff's breach of contract claim against Ram's Horn is not time-barred.

### 2. Colorado Wage Claim Act

Defendants argue that plaintiff's claim under the Colorado Wage Claim Act ("CWCA"), Colo. Rev. Stat. § 8-4-101 *et seq.*, should be dismissed because plaintiff failed to make a written demand for payment. Docket No. 121 at 4-5. Plaintiff claims that defendants violated the CWCA by failing to pay him sufficient overtime wages. Docket No. 127 at 7-8.

Colorado's Minimum Wage Order Number 29 provides that "employees shall be paid time and one-half of the regular rate of pay for any work in excess of (1) forty (40) hours per workweek; (2) twelve (12) hours per workday, or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday." 7 Colo. Code. Regs. § 1103-1:4. "The regular rate of pay shall include all compensation paid to

employees including . . . minimum wage tip credit." 7 Colo. Code. Regs. § 1103-1:2.

In the event that an employer refuses to pay wages owed, "the employee . . . shall make a written demand for the payment within sixty days after the date of separation and shall state in the demand where such payment can be received." Colo. Rev. Stat. § 8-4-109(3)(a).  If wages owed to the employee are not mailed to the place specified in the demand, the employer is liable for statutory penalties in addition to the amount of wages owed.  Colo. Rev. Stat. § 8-4-109(b).  Penalties are not available to an employee who fails to make a written demand within sixty days of separation.  Colo. Rev. Stat. § 8-4-109(d); *see also Voller v. Gertz*, 107 P.3d 1129, 1132-33 (Colo. App. 2004) (plaintiff's failure to make timely written demand on employer for alleged unpaid wages precluded her claim for a statutory penalty under the CWCA) (superseded by statute).

There is no dispute that plaintiff did not make a timely written demand to defendants for payment of wages owed.  Defendants assert that this failure bars plaintiff's claim under the CWCA.  Docket No. 121 at 4.  However, plaintiff's omission bars only his ability to recover penalties under the CWCA and not his ability to recover unpaid overtime wages. *See Voller*, 107 P.3d at 1132-33.  Defendants argue, without support, that plaintiff's interpretation would undermine the protection afforded by Colo. Rev. Stat. § 8-4-109(3)(a.5), which provides:

> If the employer disputes the amount of wages or compensation claimed by an employee under this article and if, within fourteen days after the employee's demand, the employer makes a legal tender of the amount that the employer in good faith believes is due, the employer shall not be liable for any penalty unless, in a legal action, the employee recovers a greater sum than the amount so tendered.

11

However, this provision protects an employer only from the imposition of penalties; it does not state that, by making a tender within fourteen days, the employer shall be insulated from paying the wages determined to be owed.  Here, plaintiff does not seek penalties under the CWCA.  Rather, he makes a general request for "compensatory damages, attorneys' fees and litigation expenses as provided by law."  Docket No. 104 at 11, ¶ 3; *see also* Docket No. 104 at 10, ¶ 36 ("Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount sufficient to refund all tip credits taken against their hourly wages.").

As plaintiff is not seeking statutory penalties, his CWCA claim is not barred by his failure to made a demand.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint Pursuant to F.R.C.P. 12(b)(6) and 12(b)(1) [Docket No. 121] is DENIED.

DATED February 25, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge